**FILED**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2016 MAY 11 AM 10: 03

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

RICHARD TONSTAD,

    Plaintiff,

v.

CASE NO.: 5:16-cv-325-Oc-32PRL

HARLEY-DAVIDSON FINANCIAL
SERVICES, INC.,

**DEMAND FOR JURY TRIAL**

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, Richard Tonstad, by and through the undersigned counsel, sues Defendant, Harley-Davidson Financial Services, Inc., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like Harley-Davidson Financial Services, Inc. from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone

subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.  According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

5.  Likewise, the FCCPA is designed and adopted to reinforce individual consumers' rights established by federal law.

## JURISDICTION AND VENUE

6.  This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

7.  Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

8.  Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). *See Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

9. Venue is proper in this District as Plaintiff resides within this District, the violations described in this Complaint occurred in this District and the Defendant transacts business within Sumter County, Florida.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Florida, residing in Sumter County, Florida

11. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

12. Plaintiff is an "alleged debtor."

13. Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

1. Defendant, Harley-Davidson Financial Services, Inc. is a corporation which was formed in Delaware and is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff.

14. The alleged debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6) as it arose from personal, family or household transactions.

15. Defendant is a "debt collector" as defined by Florida Statute § 559.55(7).

16. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (301) ***-4972 and was the called party and recipient of Defendant's calls.

17. Defendant intentionally, knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number, from approximately April of 2014 through October of 2015, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of an alleged debt.

18. Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls").

19. Furthermore, each of the calls at issue were placed by Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

20. Beginning on or about April of 2014, Defendant began bombarding Plaintiff's cellular telephone (301) ***-4972 in an attempt to collect on an alleged debt.

21. Upon receipt of the calls, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (800) 757-1744, (800) 477-8014.

22. Upon receipt of a call from Defendant in May of 2014, Plaintiff answered the call, received Defendant's prerecorded message, held on the line to be connected to a live agent/representative and informed the agent/representative of Defendant not to call him on his cellular telephone, the allege debt belonged to his daughter, their incessant calls were harassing him, and, demanded Defendant cease all calls to his aforementioned cellular telephone number, therefore, revoking any previously perceived express consent to be called using the Defendant's ATDS, predictive dialer, prerecorded message or artificial voice.

23. During the aforementioned phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any expressed consent Defendant may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or pre-recorded or artificial voice.

24. Each subsequent call Defendant made to Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of Plaintiff.

25. Each subsequent call Defendant made to Plaintiff's aforementioned cellular telephone number was knowing and willfully placed to his cellular phone without expressed consent.

26. Each of the Plaintiff's requests for the harassment to end were ignored.

27. Defendant has called Plaintiff on his cellular telephone in excess of one hundred (100) times since April of 2014 in an attempt to collect an alleged debt.

28. Defendant attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

29. Due to the volume of calls received, Plaintiff was unable to maintain a fully contemporaneous call log of each and every call Plaintiff received from Defendant; however, the following is a sampling of the calls Plaintiff received:

    i. One call on September 4, 2015;

    ii. One call on September 7, 2015;

    iii. One call on September 9, 2015;

    iv. One call on September 10, 2015;

    v. One call on September 11, 2015;

    vi. One call on September 21, 2015;

    vii. One call on September 22, 2015;

    viii. One call on September 24, 2015;

    ix. One call on September 25, 2015;

    x. One call on September 29, 2015;

    xi. One call on October 5, 2015;

    xii. One call on October 6, 2015;

    xiii. Two calls on October 7, 2015;

    xiv. One call on October 9, 2015;

    xv. One call on October 12, 2015;

    xvi. One call on October 13, 2015;

    xvii. One call on October 14, 2015;

    xviii. One call on October 15, 2015;

    xix. Two calls on October 16, 2015;

    xx. One call on October 17, 2015; and

    xxi. One call on October 20, 2015.

30. The calls from Defendant continue, on average, once a day from April of 2014 through October of 2015.

31. Furthermore, Plaintiff received in excess of ninety (90) calls to his residential telephone number (352) ***-9305.

32. Defendant has, or should be in possession and/or control of, call logs, account notes, autodialed reports and/or other records that detail the exact number of all calls made to Plaintiff.

33. Despite actual knowledge of its wrongdoing, Defendant continued its campaign of harassment and abuse, calling Plaintiff despite not having Plaintiff's express permission to call his cellular telephone number.

34. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to the Plaintiff's cellular telephone in this case.

35. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

36. Defendant's corporate policy is structured as to continue to call individuals like Plaintiff; despite these individuals explaining to Defendant they wish for the calls to stop.

37. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

38. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

39. Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call the consumers.

40. Defendant's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

41. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

42. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

43. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

44. As a result of these collection efforts, Plaintiff suffered stress, anxiety, headaches, trouble sleeping, nervousness, fear and worry, irritability, embarrassment, humiliation, intimidation, pain and suffering, loss of happiness, tranquility of old age, sleep, concentration,

weight, appetite, and privacy resulting from the attempted collection of amounts far in excess of any amount rightfully owed by Plaintiff.

## COUNT I
### (Violation of the TCPA)

45. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-five (45) as if fully set forth herein.

46. Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant he wished for the calls to stop.

47. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

48. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-five (45) as if fully set forth herein

49. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

50. Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

51. Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

52. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

Jared Lee, Esquire
Morgan & Morgan, Tampa, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Tele: (407) 420-1414
Fax: (407) 245-3484
JLee@ForThePeople.com
Florida Bar #: 0052284
Attorney for Plaintiff